UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAIWAN LOWMACK,

                    Petitioner,                    **No. 07-CV-200(RJA)(VEB)**
                                                   **DECISION AND ORDER**

        -vs-

D. NAPOLI, Superintendent.

                    Respondent.

## INTRODUCTION

        Taiwan Lowmack ("Lowmack" or "petitioner"), proceeding *pro se*, has filed a petition

(Docket No. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the legality

of his confinement pursuant to a state court judgment of conviction which became final for

purposes of AEDPA on July 5, 2006. The matter has been referred to the undersigned for the

issuance of a report and recommendation on the disposition of Lowmack's petition as well as to

hear and decide all non-dispositive motions.

## BACKGROUND

        Lowmack filed the instant habeas petition on March 25, 2007, raising seven grounds for

habeas relief. (Docket No. 1). Respondent received an extension of time in which to answer the

petition and submitted his opposition papers on June 20, 2007. (Docket Nos. 8 & 9). In his

memorandum of law (Docket No. 9), respondent asserted the defense of non-exhaustion with

regard to Lowmack's claim that appellate counsel had been ineffective in failing to argue that

trial counsel had been ineffective in failing to object to the trial judge's instruction to the jury

concerning the fact that petitioner had been restrained in handcuffs during the trial. Respondent

stated that Lowmack had attempted several times to file an application for a writ of error *coram*

*nobis* to exhaust the claim but had his papers returned to him by the state appellate court because of various deficiencies in their form. Noting that the petition was a "mixed petition" as it contained both exhausted and unexhausted claims, respondent requested that it be dismissed without prejudice pursuant to *Rose v. Lundy*.[1]

On July 3, 2007, Lowmack moved the Court to have his petition held in abeyance while he exhausted his state court remedies on the unexhausted ineffective assistance of appellate counsel claim by means of a *coram nobis* application. (Docket No. 10). Respondent did not file any papers in opposition to Lowmack's stay request.

On October 3, 2007, the Court received a letter from Lowmack dated September 28, 2007. This letter also was docketed as a motion to stay (Docket No. 11). Lowmack wrote, "I request that this Court leave [sic] to renew petitioner's motion fo a stay of proceedings that was submitted on June 27, [20]07 . . .because I still haven't gotten a response on my decision regarding my Writ of Error Coram Nobis that was filled [sic] with the Appellate court on July 2, [20] 07. . . . I would like to request for 60 days more added to my time for my stay motion. . . ." (Docket No. 11). Respondent did not submit any papers responsive to this piece of correspondence from Lowmack.

It appears that Lowmack is under the impression that a stay has been entered in this matter. That is not the case: No decision granting or denying Lowmack's stay motion (Docket No. 10) has been issued in the time since Lowmack filed the application on or about July 3, 2007. Specifically, this Court never ruled as to whether Lowmack's petition would be stayed and

---

[1]       Before Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which imposed a strict one-year statute of limitations for filing petitions for writs of habeas corpus, *see* 28 U.S.C. § 2244(d), the Supreme Court that "mixed petitions" had to be dismissed without prejudice, pending petitioner's exhaustion of the unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982).

his exhausted claims held in abeyance while he pursued exhaustion of his ineffective assistance of counsel claim. In other words, Lowmack's initial motion for a stay (Docket No. 10) is currently pending and will be addressed in this Order.

For the reasons set forth below, the Court finds that it is a proper exercise of discretion to grant a stay in this case.

## DISCUSSION

A presumption underlying *Rose v. Lundy*'s "total exhaustion" requirement was that once a petitioner completed his exhaustion efforts, he would file a new federal petition. *See id.*; *see also Rhines v. Weber*, 544 U.S. 269, 274 (2005) (noting that *Rose v. Lundy* "imposed a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance"). The new strict limitations period imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") operated in conjunction with the "total exhaustion" doctrine to created a procedural catch-22: The habeas corpus petitioner whose mixed petition was dismissed under *Rose* but who then returned to federal court after exhausting his state remedies discovered that he was now barred from habeas review because the AEDPA limitations period had expired during the time in which he pursued his state remedies. *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

Further obstacles to a petitioner meeting both the timeliness and "total exhaustion" requirements arose following *Duncan v. Walker*, 533 U.S. 167 (2001), in which the Supreme Court held that the AEDPA limitations period is not tolled during the period of time in which a federal habeas corpus petition is pending before a district court dismisses it under *Rose v. Lundy*

for lack of exhaustion on some or all claims is included. Thus, the period of time in which a federal habeas petition may be pending through no fault of the petitioner's but only due to the district court's docket management, is not tolled under AEDPA's statutory tolling provision.

In 2005, the Supreme Court addressed these problems in *Rhines v. Weber*, 544 U.S. 269, 275 (2005), approving ing the "stay and abeyance" procedure fashioned by, *e.g.*, the Second Circuit in *Zarvela Artuz* 254 F.3d 374 (2d Cir. 2001).[2] Instead of dismissing the mixed petition, the district court stays the petition and holds it in abeyance to allow the petitioner to return to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 275-76. Once the petitioner completes the exhaustion process, the district court enters an order lifting the stay and allows the petitioner to proceed in federal court. *Id.* Reasonable time limits are to be placed on the petitioner's trip to state court and back to federal court so as not to undermine the goals sought to be achieved by AEDPA's statute of limitations. *Id.* at 278 (citation omitted).

With regard to assessing in which cases the stay-and-abeyance should be utilized, the *Rhines* court noted that it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277. The *Rhines* court observed that even if a petitioner had good cause for the failure to exhaust, it would be an abuse of

---

[2] In *Zarvela v. Artuz*, the Second Circuit adopted the stay and abeyance procedure, holding that when a mixed habeas petition is presented, a stay of the exhausted claims, after dismissing the unexhausted claims, will be the only appropriate course in cases where an outright dismissal could jeopardize the timeliness of a collateral attack, and that the court should explicitly condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days.

discretion to grant a stay when the unexhausted claims are "plainly meritless." *Id.* (citing  28

U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the

State")).

Applying the *Rhines* factors to Lowmack's case, I find it that he has not "engaged in

intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Lowmack filed his first motion

for a stay-and-abeyance less than two weeks after respondent filed his answer asserting the

defense of non-exhaustion. However, Lowmack had made several, albeit unsuccessful, attempts

to exhaust his ineffective assistance of appellate counsel claim before filing the instant habeas

petition, which was filed on March 25, 2007, well within the one-year limitations period, which

expired on July 5, 2007. Thus, the mere fact that he waited until after the State responded to the

petition before seeking a stay does not appear to this Court to be a "sign of a dilatory litigation

practice," *Fernandez v. Artuz*, No. 00 Civ.7601 KMW AJP, 2006 WL 121943, at *7 (S.D.N.Y.

Jan. 18, 2006), given the promptness with which Lowmack has pursued his efforts to press his

claims in state and federal court.  At about the same time he filed the stay motion, he

commenced efforts to exhaust the ineffective assistance of appellate counsel claim by means of

an application for a writ of error *coram nobis*. It appears that the *coram nobis* application was

denied in September 2007 by the Appellate Division; Lowmack presumably is awaiting to hear

whether the New York Court of Appeals grants leave to appeal. Once the New York Court of

Appeals issues its decision, the claim will be fully exhausted. These factors favor a finding of

good cause and that petitioner has not engaged in intentionally dilatory litigations tactics. I find

it significant that Lowmack has not been intentionally dilatory in pressing his claims; indeed,

some courts have found this a "'critical component of the stay-and-abeyance analysis . . . .'" *Orta v. Rivera,* No. 05-CV-645S, 2007 WL 3533529, at *4 (W.D.N.Y. Nov. 13, 2007) ((Skretny, D.J.) (quoting *Bryant v. Greiner*, No. 02 Civ. 6121, 2006 WL 1675938, at * 6 (S.D.N.Y., June 15, 2006) (citations omitted)).[3] Lastly, the Court cannot conclude at this time that the unexhausted claim of ineffective assistance of appellate counsel is so "plainly meritless" that Lowmack should be totally foreclosed from having the state courts pass on it before it is considered on federal habeas review.

For the foregoing reasons, petitioner's motions to stay the petition (Docket Nos. 10 & 11) are GRANTED and this Court will exercise its discretion to stay proceedings with respect to petitioner's exhausted claims, and to dismiss without prejudice the currently unexhausted claim of ineffective assistance of appellate counsel. If petitioner returns to this Court within the time limits set forth below, he will be permitted to amend his petition to reinstate the claims and such amendment will relate back to the date of the original petition. *Accord*, *e.g.*, *Leonard v. Mance*, No. 07-CV-0374M, 2007 WL 3034039, at *2 (W.D.N.Y. Oct. 15, 2007) (Arcara, Chief D.J.) (citing *Zarvela*, 254 F.3d at 381-82).

Stays are usually conditioned on petitioner's initiation of efforts to exhaust his unexhausted claims in a timely fashion and to return to court promptly after completion of exhaustion. Here, however, Lowmack is well underway with the exhaustion process and that aspect of the stay procedure is inapplicable here. The second condition discussed by *Zarvela* and *Rhines* is pertinent here and, therefore, the grant of the stay is conditioned upon Lowmack promptly returning to the district court within 30 days of the completion of the effort to

---

[3]     Three concurring justices in *Rhines v. Weber* would have held that this factor alone be the test for obtaining a stay. *Id.* (citing *Rhines*, 544 U.S. at 278) (Souter, J., concurring, joined by Ginsburg, J. and Breyer, J.).

exhaust–namely, the issuance by the New York Court of Appeals with regard to his application for leave to appeal the Appellate Division's denial of his *coram nobis* application. If this condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed if it is not still timely.

Accordingly,

IT HEREBY IS ORDERED, that petitioner's unexhausted claim of ineffective assistance of appellate counsel is dismissed without prejudice subject to the condition that petitioner, within 30 days of the completion of the effort to exhaust, return to the district court; and it is

FURTHER ORDERED, that this petition is stayed pending petitioner's exhaustion of the claim that is being dismissed without prejudice. As soon as the state court proceedings on his *coram nobis* application are completed, petitioner must notify this Court by filing a motion to lift the stay. At that time, the Court will reinstate the dismissed claim of ineffective assistance of appellate counsel and direct respondent to file an answer to the amended petition.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      February 26, 2008
                 Buffalo, New York.