UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAIWAN LOWMACK,

               Petitioner,               No. 07-CV-200(RJA)(VEB)
                                                                 **DECISION AND ORDER**
   -vs-

D. NAPOLI, Superintendent.

               Respondent.

Taiwan Lowmack ("Lowmack" or "petitioner"), proceeding *pro se*, has filed a petition (Docket No. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the legality of his confinement pursuant to a state court judgment of conviction which became final for purposes of AEDPA on July 5, 2006. Lowmack's petition, filed on March 25, 2007, raised seven grounds for habeas relief. (Docket No. 1). When respondent answered, it noted that the petition was a "mixed petition" as it contained both exhausted and unexhausted claims, respondent requested that it be dismissed without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

The Court granted Lowmack's subsequent motion to have his petition held in abeyance while he exhausted his state court remedies on the unexhausted ineffective assistance of appellate counsel claim by means of a *coram nobis* application. (Docket Nos. 10 & 11).

Lowmack moved to lift the stay and have his ineffective assistance of appellate counsel claim reinstated. (Docket Nos. 14 & 15). The Court granted the application to lift the stay in an order entered April 11, 2009 (Docket No. 16). In that order, the Court "directed [Lowmack] to file an amended petition" including "**only** the newly exhausted claim of ineffective assistance of appellate counsel; he does **not** need to repeat the claims pled in the original petition," and "must

set forth the factual bases for the newly exhausted claim, and the legal authority upon which he relies." (Docket No. 16). The Court stated that once it received the amended petition, it, along with the original petition, would be the operative complaint in this proceeding. (Docket No. 16). Lowmack was permitted to file a memorandum of law providing legal argument in support of his claim in the amended petition. (Docket No. 16). Lowmack was reminded that, when he filed his amended petition, he must serve a copy upon respondent's counsel. Lowmack was directed to file his amended petition **within sixty (60) days.** (Docket No. 16).

The order lifting the stay and directing Lowmack to file an amended petition was sent to the current address on file for Lowmack–namely, Southport Correctional Facility. The order was not returned to the Court as undeliverable. As a result, the Court presumed that Lowmack received the order. Well over a year has passed since the order was sent to Lowmack. To date, Lowmack has not filed an amended petition as directed, inquired about the status of his motion to lift the stay, or responded in any other way to the Court's order.

In checking the paper filings in this matter, the Court discovered that Lowmack mailed his motion to lift the stay from Auburn Correctional Facility, not from Southport, which is the address from which the Petition was mailed. However, Lowmack's papers regarding the motion to lift the stay did not indicate that he had had a change of address, and his address was not updated in the Court's system. Upon checking the New York State Department of Corrections inmate locator service, the Court found that Lowmack is still in custody at Auburn.

Lowmack's lack of response to the order lifting the stay is ambiguous. The Court is unsure whether the order never reached Lowmack at Auburn, and that is why he did not file an amended petition as directed, or whether the order was forwarded to him at Auburn and he has

deliberately chosen not to respond.

**The Court therefore directs Lowmack to inform the Court in writing, within fifteen (15) days of the date of this Order, whether or not he intends to file an amended petition. Once the Court receives a reply from Lowmack, it will issue a scheduling order with further directions.**

Lowmack is advised that in accordance with Fed R. Civ. P. 41(b),[1] a court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court. *Costello v. United States*, 365 U.S. 265, 286-87 (1961). In addition, as a matter of this District's Local Rules, both attorneys and *pro se* litigants have an obligation to immediately notify the Court and opposing parties of any change in their address or contact information. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant. . . . . In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. *Failure to do so may result in dismissal of the case with prejudice.*" Local Rule of Civil Procedure 5.2(d) (emphasis supplied).

**ALL OF THE ABOVE IS SO ORDERED.**

---

[1] Rule 41(b) provides, in pertinent part as follows:

Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

Fed. R. Civ. Proc. 41(b); *accord Link v. Wabash R.R. Co.*, 370 U.S. 626, 620 (1962)

/s/ Victor E. Bianchini

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:  February 23 , 2010
        Buffalo, New York