UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAIWAN LOWMACK,

                             Petitioner,          **REPORT AND RECOMMENDATION**

     -vs                                     **No. 07-CV-0200(RJA)(VEB)**

D. NAPOLI, Superintendent,

                             Respondent.

_____

## I.     Introduction

Petitioner *pro se* Taiwan Lowmack ("Lowmack" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the constitutionality of his detention in state custody following a jury trial in New York State Supreme Court (Erie County) at which he was convicted of the following charges: robbery in the second degree (New York Penal Law ("P.L.") § 160.10(1)); criminal possession of stolen property in the fourth degree (P.L. § 165.45(1)); criminal possession of a controlled substance in the fourth degree (P.L. § 220.09(1)); criminal possession of a controlled substance in the seventh degree (P.L. § 220.03); criminally using drug paraphernalia in the second degree (P.L. § 220.50); and petit larceny (P.L. § 155.25). The jury acquitted Lowmack of third degree criminal possession of a controlled substance (count five) but convicted him of the lesser included offense of seventh degree criminal possession of a controlled substance. Finally, the jury acquitted Lowmack of fourth degree criminal mischief (count three) and third degree criminal possession of a weapon, i.e., the gravity knife (count eight).

Lowmack, who did not controvert his sentencing as a second felony offender, received an

eight-year determinate term of imprisonment on his conviction for second degree robbery, and lesser terms on his related convictions. The maximum sentence possible for second degree robbery, a class C violent felony, was fifteen years. *See* N.Y. PENAL LAW § 70.02(1)(b); (3)(b). The trial judge rejected the prosecution's request to impose consecutive sentences on the robbery and drug-possession convictions and ordered that the sentences be served concurrently. Lowmack's conviction was unanimously affirmed on direct appeal

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). During the pendency of this proceeding, Lowmack sought and received a stay so that he could finish exhausting a claim of ineffective assistance of appellate counsel by means of an application for a writ of error *coram nobis*. (Docket No. 13). Lowmack moved to lift the stay (Docket No. 14), which this Court granted (Docket No. 16). At the time the Court issued the order lifting the stay on February 11, 2009,  it directed Lowmack to file his amended petition within 60 days. Along with the Order Lifting the Stay, a Section 2254 Form Petition was mailed to Lowmack for him to use in filing his amended petition. (Docket Remark dated 2/11/2009).

A year passed without hearing from Lowmack. On February 23, 2010, the Court issued an order directing Lowmack to inform the Court within 15 days whether or not he intended to file an amended petition. (Docket No. 17). On March 15, 2010, the Court received from Lowmack a letter indicating that he intended to file an amended petition and requesting that a blank petition form be sent to him. (Docket No. 18).

The next day, on March 16, 2010, the Court issued a text order noting that Lowmack had informed the Court that he intended to file an Amended Petition. (Docket No. 19). In response to Petitioner's request, another Section 2254 Petition form was sent to him for his use in filing the

Amended Petition. The text order directed Petitioner to file his Amended Petition within thirty (30) days of his receipt of the Section 2254 Petition form. (Docket No. 19).

The Court has not heard from Lowmack since that time; he never filed an amended petition or requested another form from the Court.

At the time he filed his petition, Lowmack was incarcerated at Southport Correctional Facility in Pine City ("Southport"). This Court's search of New York State Department of Correctional Facilities Inmate Locator website indicates that Lowmack is no longer at Southport, having been released to parole supervision on August 18, 2010, from Auburn Correctional Facility.[1]

Lowmack's failure to comply with the Court's orders to file an amended petition and failure to update the Court with his current address clearly indicate to the Court that Lowmack has lost interest in continuing to pursue this action. Lowmack's failure to apprise the Court of his release from Southport and his new address constitutes a violation of the procedural rules for the Western District–namely, Local Rule 5.2(d) which provides that a "party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant." Local Rule 5.2(d) further requires that "the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice."  Since his release to parole supervision in August 2010, Lowmack has had over seven months to update the Court of his new address, more than enough time to fulfill his obligation under Local Rule 5.2(d).

---

[1]     *See*  http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ2/WINQ120 (last accessed April 4, 2011).

For the reasons that follow, I recommend that the District Court dismiss of the instant proceeding pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Lowmack's failure to comply with the Court's scheduling orders, his failure to prosecute this action, and his failure to comply with the Western District of New York's Local Rules of Civil Procedure.

## II.     Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may, in its discretion, dismiss an action based upon a petitioner's failure to prosecute an action or comply with any order of the Court. *Link v. Wabash Railroad County Independent School District*, 370 U.S. 626 (1962). "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630). The Second Circuit "review[s] district court decisions to dismiss a case under this rule for abuse of discretion only[.]" *Id.* (citing *Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir.1986)).  Although the Second Circuit has cautioned that "a Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations." *LeSane*, 239 F.3d at 209 (internal quotations omitted), this sanction is necessary to allow courts "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. *Accord*, *e.g.*, *Fusco v. Craig*, No. 9:05-CV-1425 (FJS/DEP), 2006 WL 3761984, at *1 (N.D.N.Y. Dec. 20, 2006 (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 W.L. 9688, AT *1 (S.D.N.Y. Jan. 14, 1994) (citing *Peart v. City of New York*, 992 F.2d 458, 461

(2d Cir.1993) (affirming dismissal with prejudice where plaintiff's counsel failed to comply with two court orders and otherwise demonstrated a lack of respect for the court); *Ali v. A & G Co.*, 542 F.2d 595, 596 (2d Cir.1976) (affirming dismissal with prejudice where counsel failed to appear for trial despite no showing of delay)).

In making the determination of whether involuntary dismissal under Rule 41(b) is appropriate, the Second Circuit considers five main factors, none of which is dispositive: "(1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and, (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir.1999) (quotation omitted); *accord, e.g.*, *LeSane*, 239 F.3d at 209-10.

Although the Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to prosecute, *e.g.*, *Drake v. Norden Sys. Inc.*, 375 F.3d 248, 251 (2d Cir. 2004), it appears that would be futile at this juncture; the Court has no means by which to get in contact with Lowmack. I find it significant that Lowmack has twice failed to comply with the Court's orders directing him to file his amended petition within a certain time period (Docket Nos. 16 & 19). After his motion to lift the stay was granted, he ignored the Court's directive to submit his amended petition within 60 days. Indeed, he did not contact the Court for over a year and that was only after the Court issued an order giving him another chance to file his amended petition. Although Lowmack did respond to

that order, he did not file his amended petition even after being sent a second form, in contravention of the Court's directions. Lowmack was aware that failure to comply with an order of the Court could result in dismissal, having been warned in this Court's Order Granting the Stay dated February 26, 2008 (Docket No. 13) that if he failed to comply with all of the stay-and-abeyance conditions, the stay could later be vacated *nunc pro tunc* as and the petition dismissed if it was not still timely.

"'It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.'" *Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, at *1 (Apr. 10, 1996) (Pooler, D.J.) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) and citing, *inter alia*, *Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group*, 725 F.2d 255 (5th Cir. 1984) (*en banc*)); *accord, e.g.*, *Fusco v. Craig*, No. 9:05-CV-1425 (FJS/DEP), 2006 WL 3761984, at *2 (N.D.N.Y. Dec. 20, 2006).

Lowmack's failure to comply with the Court's orders and his failure to comply with the Western District of New York's Local Rules of Civil Procedure convey the message that he no longer wishes to pursue his claims against Respondent. Under these circumstances, I recommend concluding that Lowmack has abandoned the action and that involuntary dismissal under Rule

41(b) of the Federal Rules of Civil Procedure is appropriate.

## III.    Conclusion

For the reasons discussed above, the Court recommends dismissal of the instant proceeding pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Petitioner's failure to comply with the Court's scheduling orders, his failure to prosecute this action, and his failure to comply with the Western District of New York's Local Rules of Civil Procedure.  The Court furthermore recommends that no Certificate of Appealability should issue. *See* 28 U.S.C. § 2253(c)(2).


/s/  *Victor E. Bianchini*

_____
    VICTOR E. BIANCHINI
  United States Magistrate Judge

Dated: April 5, 2011
       Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

-8-

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: April 5, 2011
        Buffalo, New York